**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**
**CIVIL DIVISION**

**CASE NO:**

**HENRY MOELLER,**

**Plaintiff,**

**vs.**

**TARGET CORPORATION a Foreign Corporation and JOHN DOE, as Manger,**

**Defendants.**
____________________________________/

sept 708
J.C
11:00 AM
09-22-25

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, or petition in the above styled cause upon the Defendant: TARGET CORPORATION by serving:

TARGET CORPORATION
C/O CT CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
PLANTATION, FLORIDA 33324

Each Defendant is hereby required to serve written defenses to said Complaint or petition on Plaintiff's attorney, whose name and address is:

**ZACHARY BAKER, ESQUIRE**
**MORGAN & MORGAN**
**1700 PALM BEACH LAKES BOULEVARD, SUITE 500**
**WEST PALM BEACH, FL 33401**
**TEL: (561) 227-5858**

within twenty (20) days after service of this Summons upon that Defendant exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before



**Exhibit 2**

service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355- 4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

WITNESS my hand and the seal of this Court on this ___day of **08/19/2025**,

2025.

Clerk of the Circuit Court

By: ____________________
As Deputy Clerk

**Dolly Garcia**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

HENRY MOELLER,

Plaintiff(s),

vs.

TARGET CORPORATION a Foreign Corporation and JOHN DOE, as Manager,

Defendants.

______________________________________/

**COMPLAINT**

COMES NOW, Plaintiff, HENRY MOELLER, by and through the undersigned counsel, hereby sues Defendants, TARGET CORPORATION, and JOHN DOE, as Manager, and in support thereof states:

**GENERAL ALLEGATIONS**

1. This is an action for damages that exceeds the sum of Fifty Thousand Dollars ($50,000.00), exclusive of costs, interest, and attorneys' fees. The amount Plaintiff has entered in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet is for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury, in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff was and is a natural person residing in Palm Beach County, Florida and was and is *sui juris*.

3. At all times material hereto, Defendant, TARGET CORPORATION, was and is a Foreign-for-Profit Corporation licensed to do business in the State of Florida.

4. Upon information and belief, Defendant, JOHN DOE, is a natural person residing in the State of Florida and was and is *sui juris.*

5. Venue is proper in this Court because Defendants conduct their business operations within Palm Beach County, Florida, and the incident giving rise to this action occurred in Palm Beach County, Florida.

**COUNT I – NEGLIGENCE AGAINST DEFENDANT TARGET CORPORATION**

Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 5, as though fully set forth herein and further states:

6. At all times material hereto, and on March 19, 2025, Defendant, TARGET CORPORATION owned, operated, managed, controlled, maintained, and/or possessed a certain business known as Target, located at 5900 Lake Worth Rd., Greenacres, Palm Beach County, Florida, 33463 ("Premises"), said business being open to the general public, including Plaintiff.

7. At all times material hereto, the Defendant expressly assumed responsibility for the maintenance of the aforementioned premises and had a duty to maintain same in a reasonably safe condition for the use of business invitees and guests.

8. On or about March 19, 2025, Plaintiff visited Defendant's premises, located at the above address as a business invitee.

9. At said time and place, Plaintiff was a business invitee, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for Plaintiff's safety.

10. At that time and place, Plaintiff suddenly and without warning tripped and fell due to uneven pavement on a walkway on the Defendant's premises.

11. At all times material hereto, the Defendant, TARGET CORPORATION, by and through its employees, agents, and assigns, owed a non-delegable duty to Plaintiff, as its business invitee, to

maintain its premises in a reasonably safe condition, and to warn Plaintiff of latent or concealed dangers, which are or should be known to the Defendant and which were unknown to Plaintiff and could not be discovered through the exercise of reasonable care. The Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

a) Negligently failing to maintain or adequately maintain the premises and/or sidewalks/walkways, thus creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/ sidewalks/walkways, when Defendant knew or through the exercise of reasonable care should have known that said sidewalks/walkways were unreasonably dangerous and that Plaintiff was unaware of same;

c) Negligently failing to correct and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the sidewalk/walkway on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

d) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/parking lot surface for dangerous conditions;

e) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

f) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

g) Negligently failing to act reasonably under the circumstances;

h) Negligently failing to install, maintain and provide a safe sidewalk/walkway within the subject premises.

12. As a direct and proximate result of the Defendant's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization,

medical and nursing care and treatment. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, HENRY MOELLER, sues Defendant, TARGET CORPORATION, for damages and demands judgment in excess of fifty thousand dollars ($50,000.00), plus interest and costs, and for any other relief this Court deems just and proper.

**COUNT II – NEGLIGENCE AGAINST DEFENDANT JOHN DOE, AS STORE MANAGER**

Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 5, as though fully set forth herein and further states:

13. At all times material hereto, Defendant, JOHN DOE, as manager of the Target store located at the aforementioned address, was in control of said business.

14. At said time and place, Defendant, JOHN DOE, owed to Plaintiff the duty to provide a reasonably safe environment, including, but not limited to, maintaining the store grounds and its surrounding premises including any and all exterior sidewalks and walkways, entrances, exits, and the like, encompassing the entire premises, so they would not become tripping and/or falling hazards to unsuspecting customers, and a duty to warn said customers such as Plaintiff of the dangerous condition JOHN DOE had, or should have had knowledge greater than that of Plaintiff, and/or duty to correct a dangerous condition about which, JOHN DOE either knew or should have known, by use of reasonable care.

15. Defendant, JOHN DOE negligently failed to exercise reasonable care relating to said business premises while under his control in that he failed to take reasonable precautions to maintain said premises in a safe condition.

16. Among the duties of the Defendant, JOHN DOE, as being the person in control of the premises referred to in numbered paragraph 6 above, was to conduct, personally or through those under his

control, reasonable periodic inspections, at reasonable intervals, to discover dangerous conditions that existed on the sidewalks and/or walkways of said premises and to remove or repair such dangerous conditions prior to business invitees being injured thereby, such as Plaintiff, while shopping on and at said premises.

17. Notwithstanding that there were located in said store overhead cameras to maintain a constant or periodic view of the exterior of the premises, including the parking lots, some or all of said cameras were not in working order, so that dangerous conditions could and would be timely viewed if the cameras were viewed as they were intended; which was one of the responsibilities of Defendant, JOHN DOE, during the period that he was in control of said store, and which duty he failed to perform. Had such duty been performed, the dangerous condition which caused Plaintiff to fall and injure herself would have been observed in time to have corrected such dangerous condition.

18. Further, although Defendant TARGET CORPORATION, furnished to Defendant JOHN DOE a training video directing the manner and time for performing ordinary general maintenance of the premises, that video did not address periodic inspections to discover and correct dangerous conditions on said premises, such as the condition which caused Plaintiff to fall and injure herself; that aspect of maintenance and care having been the responsibility of the individual in control of said premises, to wit: Defendant JOHN DOE at the time of the subject accident.

19. Defendant JOHN DOE, being then in control of said premises, failed to perform such independent duty, in that he failed to inspect and discover, either individually or by persons under his control, the dangerous condition which caused Plaintiff to fall and injure herself. But for the negligent failure of Defendant, JOHN DOE, while in control of such premises, to perform, individually or by persons under his control, such duties and responsibilities, Plaintiff would not have fallen and injured herself, as aforesaid.

20. As a direct and proximate result of the failure of Defendant, JOHN DOE, while being in control of said business premises referred to in numbered paragraph 6 above, to keep the premises free from hazardous conditions that might foreseeably give rise to loss, injury or damage, said Defendant acted negligently by failing to exercise reasonable care in the maintenance, inspection, warning or mode of operation of said business premises, resulting in Plaintiff, who was walking along the sidewalk/walkway in the parking lot, to trip and fall on an uneven concrete joint, resulting in Plaintiff suffering injuries and damages.

21. Defendant, JOHN DOE, knew, or in the exercise of reasonable care should have known, of the existence of the dangerous condition on the Premises and should have taken action to remedy same.

22. The dangerous condition existed for a sufficient length of time that, in the exercise of reasonable care, Defendant, JOHN DOE, knew or should have known of the condition and should have taken action to remedy same.

23. The dangerous condition occurred with such regularity that it was foreseeable to Defendant, JOHN DOE, and the Defendant should have taken action to remedy same.

24. As a direct and proximate result of Defendant's negligence, Plaintiff fell and suffered permanent bodily injury in and about her body and extremities, including, but not limited to, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, and loss of ability to earn money in the future, and aggravation of a previously existing condition. These losses are either permanent and continuing, and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, HENRY MOELLER, sues Defendant, JOHN DOE, for damages and demands judgment in excess of fifty thousand dollars ($50,000.00), plus interest and costs, and for any other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, HENRY MOELLER, demands trial by jury of all issues so triable.

RESPECTFULLY submitted on this 18th day of August, 2025.

MORGAN & MORGAN, P.A.
1700 Palm Beach Lakes Blvd., Suite 500
West Palm Beach, FL 33401
Tel.: (561) 227-5858
Fax: (561) 341-8936

By: ***/s/ Zachary Baker***
ZACHARY BAKER, ESQ.
Florida Bar No.: 1030189
zachary.baker@ForThePeople.com
delia.pagan@ForThePeople.com
Sonja.Manderville@forthepeople.com